UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINE SCOTT,

    Plaintiff,

v.                                    Case No:   2:22-cv-203-JLB-NPM

STATE OF FLORIDA, et al.,

    Defendants.

## ORDER

Plaintiff Christine Scott, proceeding pro se, sues the State of Florida and twenty-one other Defendants for a litany of federal and state law violations. On May 2, 2022, the Court directed Ms. Scott to file an amended complaint "because she ha[d] not adequately set forth her claims." (Doc. 10 at 1.) The Court specifically directed Ms. Scott to comply with Federal Rules of Civil Procedure 8 and 10, identified deficiencies in her original pleading, and warned Ms. Scott that her failure to comply with the order would result in dismissal without further notice. (Id. at 2–5.) For the reasons that follow, Ms. Scott's First Amended Complaint and Emergency, Declaratory and Permanent Injunctive Relief [sic] (Doc. 21) is **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

The Court dismissed Ms. Scott's original complaint because she had joined unrelated claims against fifteen separate Defendants, failed to include a short and plain statement of facts entitling her to relief, and did not assert plausible factual

allegations. (See Doc. 10 at 2–5.) As best the Court can glean from her amended complaint, which suffers from many of the same deficiencies just noted, Ms. Scott's claims arise from her arrest and subsequent detention for petitioning on private property. (See Doc. 21.)

On November 9, 2021, Ms. Scott was collecting signatures in a Walmart parking lot so that she could obtain ballot access as a candidate for the U.S. House of Representatives in the upcoming 2022 election. (Id. at ¶¶ 46–48.) Walmart, through its employees, informed Ms. Scott that she could not solicit on its private property. (Id. at ¶ 52.) Despite her objection that she had a constitutional right to "gather[] signatures for petitions," Walmart contacted the Clewiston Police Department who eventually arrested Ms. Scott. (Id. at ¶¶ 53, 57, 67.) The rest of Ms. Scott's allegations focus on the alleged deprivations of her civil liberties experienced during her incarceration and Florida state court prosecution.

Before the Court dismissed Ms. Scott's original complaint, she moved to proceed in forma pauperis, which is without the pre-payment of fees. (Doc. 2.) Ms. Scott also filed a Motion for Declaratory and Injunctive Relief, seeking an order preventing her "arrest and/or prosecution for petitioning and handbilling on private property that is open to the public and/or quasi-public land . . . throughout the State of Florida." (Doc. 7 at 12.) Both motions remain pending though the original complaint was dismissed. Her operative pleading also seeks similar injunctive relief, however Ms. Scott has now requested such relief on an "emergency" basis. (Doc. 21 at ¶ 362.) Given this emergency designation, the Court finds that the

interests of judicial economy are best served by addressing the pending motions and the adequacy of Ms. Scott's pleadings together.

## DISCUSSION

**I.  The amended complaint is a shotgun pleading and is dismissed**.

When a plaintiff moves to proceed in forma pauperis, the Court must review the pleading under 28 U.S.C. § 1915. The Court must dismiss the case if it determines that the action fails to state a claim on which relief may be granted. Id. § 1915(e)(2)(B)(ii). And while pro se filings are liberally construed, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (noting that pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

The Court dismissed Ms. Scott's pleading for running afoul of the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10. Such pleadings "are often disparagingly referred to as 'shotgun pleadings'" in the Eleventh Circuit. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. "The next most

common type . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1321–22. And "there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1323. Ms. Scott's amended pleading embodies each of these deficiencies.

Ms. Scott's amended complaint spans 116 pages and 366 paragraphs, exclusive of exhibits. (Doc. 21.) Each "count" alleges and incorporates by reference every preceding paragraph, most of which consist of conclusory, vague, and immaterial allegations. (See, e.g., id. at ¶¶ 105, 159, 308, 316, 324, 328, 338, 352.) Ms. Scott also indiscriminately lumps all Defendants together, both public and private actors, making it difficult—if not impossible—for the Court and Defendants to know who is responsible for which acts or omissions alleged as the purported bases for her claims. (See, e.g., id. at ¶¶ 294–296.) Suffice it to say, the confused nature of Ms. Scott's pleading, coupled with the cumulative and undiscerning allegations against all Defendants, makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

Dismissal of the amended complaint (Doc. 21) is thus appropriate. The Court will allow Ms. Scott one final opportunity to amend her pleading. She should

avoid filing a pleading that is replete with immaterial facts not obviously connected to any particular cause of action. Ms. Scott should also take care not to lump all twenty-one Defendants together in each claim based on, at best, a tangential relationship to the underlying harm she is asserting in that specific count. Last, Ms. Scott should be mindful to incorporate only those paragraphs relevant to the specific claim she is asserting in each count, rather than adopting all previous paragraphs without discretion.

## II. Ms. Scott is not entitled to injunctive relief.

From what little Ms. Scott has properly alleged, the Court finds that she is not entitled to injunctive relief under these facts—especially on an emergency basis. Under Federal Rule of Civil Procedure 65, the Court may issue a temporary restraining order or enter a preliminary injunction upon a petitioner demonstrating: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

Here, Ms. Scott has failed to demonstrate a substantial likelihood of success on the merits of her free speech claims entitling her to a statewide injunction that would allow her to campaign on private property. It is well established that there is no First Amendment right under the United States Constitution for a person to engage in political activity on private property without the owner's permission.

Lloyd Corp. v. Tanner, 407 U.S. 551, 569 (1972). "Nor does property lose its private character merely because the public is generally invited to use it for designated purposes. Few would argue that a free-standing store, with abutting parking space for customers, assumes significant public attributes merely because the public is invited to shop there." Id. A state, however, may "adopt in its own Constitution individual liberties more expansive than those conferred by the Federal Constitution." PruneYard Shopping Ctr. v. Robins, 447 U.S. 74, 81 (1980). Florida's does not though.

    Both Ms. Scott's motion and pleading assert that article I, sections 4 and 5 of the Florida Constitution provide more expansive protections than the United States Constitution which allow her to engage in political activity (i.e., free speech) on private property. (Doc. 7 at 11; Doc. 21 at ¶ 263.) Like the First Amendment, Florida's Constitution only protects an individual's freedom of speech or expression against government infringement. Quail Creek Property Owners Assoc., Inc. v. Hunter, 538 So. 2d 1288, 1289 (Fla. 2d DCA 1989). The "scope of the Florida Constitution's protection of freedom of speech is the same as required under the First Amendment." Cafe Erotica v. Fla. Dep't of Transp., 830 So. 2d 181, 183 (Fla. 1st DCA 2002) (citing Dep't of Educ. v. Lewis, 416 So. 2d 455, 461 (Fla. 1982)). Accordingly, and unlike California's Constitution which was at issue in PruneYard, Ms. Scott has not shown that she has a right to engage in political activity on private property in Florida. Cf. Publix Super Markets, Inc. v. Tallahasseans for Practical Law Enforcement, No. 2004 CA 1817, 2005 WL 3673662, at *4 (Fla. Cir.

Ct. Dec. 13, 2005) ("[A store] has no obligation to allow persons to come onto or remain on its property to engage in free speech activity, and no constitutional right of free speech is implicated.").[1]

Alternatively, not every alleged violation of the First Amendment gives rise to an irreparable injury. Siegel v. LePore, 234 F.3d 1163, 1178 (11th Cir. 2000). Rather, the "only areas of constitutional jurisprudence . . . that an on-going violation may be presumed to cause irreparable injury involve . . . certain First Amendment claims establishing an imminent likelihood that pure speech will be chilled or prevented altogether." Id. (citations omitted). As in Siegel, "[t]his is plainly not such a case" because Ms. Scott fails to allege facts showing that she suffered more than an "incidental inhibition" of allegedly protected conduct. Id.

For these reasons, Ms. Scott's request for injunctive relief is due to be denied at this time. She may renew her request consistent with this Order and after she has amended her pleading if she believes sufficient grounds support that request as

---

[1] Ms. Scott relies on a different Florida circuit court case in which the court there held that a large, privately owned regional shopping mall served as a town center or traditional public forum and therefore the owner could not prohibit the solicitation of signatures at the mall. Wood v. Florida, No. 00-0644-MMM-A, 2003 WL 1955433, at *2–3 (Fla. Cir. Ct. Feb. 26, 2003). But the "decision in Wood fail[ed] to recognize other Florida appellate decisions that protect free speech rights only when there is the requisite governmental action." Whole Foods Market Group, Inc. v. Sarasota Coal. for a Living Wage, No. 2007 CA 002208 NC., 2010 WL 2380390 (Fla. Cir. Ct. Mar. 31, 2010). Importantly, the Court is not deciding one way or the other whether Florida's Constitution indeed provides such a right—only that Ms. Scott has not established a substantial likelihood of success on the merits of her claim based on the arguments she has presented to the Court.

to the merits of her claim and an emergency designation. Any such request should be filed as a separate motion complying with Local Rules 3.01(e) and 6.02.

Accordingly, it is **ORDERED**:

1. Ms. Scott's application to proceed <u>in forma pauperis</u> (Doc. 2) is **DENIED WITHOUT PREJUDICE**. Her amended complaint (Doc. 21) is **DISMISSED WITHOUT PREJUDICE** for the reasons stated herein. **On or before August 24, 2022**, Ms. Scott may file a second amended complaint that complies with this Order and the Federal Rules of Civil Procedure. The Court warns Ms. Scott that no further amendments will be allowed and failure to cure the identified pleading deficiencies will result in dismissal of this case.

2. The Motion for Declaratory and Injunctive Relief (Doc. 7) is **DENIED WITHOUT PREJUDICE** subject to Ms. Scott renewing her motion, if appropriate, in consideration of this Order and after amending her pleading.

**ORDERED** at Fort Myers, Florida, on August 10, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE